IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>        Defendant. | 8:17CV265<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion in limine, Filing No. 140. This is an action for gender discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX").

I.      BACKGROUND

The plaintiff alleges hostile environment gender discrimination defendant Board of Trustees of Chadron State College (hereinafter "the College") in connection with its response to reports of on-campus rapes.  The plaintiff seeks an order precluding testimony or argument concerning her immigration status.  She argues that her current immigration status bears no relationship to whether Defendant violated her rights in 2016 while she was attending school and working on an F-1 student visa and that the danger of prejudice outweighs any probative value of such evidence.

In response, the College states that it does not intend to use the plaintiff's immigration status to impeach her credibility, to argue that she has failed to establish the elements of her Title IX claim, or to force her to invoke her Fifth Amendment rights. The College states it intends to introduce evidence of Does' immigration status only as it

1

relates to the plaintiff's damages. Doe does not seek damages for loss of wages or earning capacity. She seeks damages for emotional distress and the pain and suffering caused by the defendant's conduct. The College contends that Doe suffered significant emotional distress due to her immigration status that was evident before, during, and after the incidents at issue. It argues that evidence of any alternative or contributory source of the plaintiff's alleged mental distress is necessary to rebut the plaintiff's damages claims.

II. LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000)

To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the

weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

III. DISCUSSION

It is undisputed that the protections of Title IX, and remedies available for its violation, are not limited to United States citizens. First, consistent with the defendant's concessions, the plaintiff's motion in limine will be granted as to evidence of immigration status. Such evidence will not be permitted for issues of credibility, to counter the elements of the plaintiff's Title IX claim, or to provoke invocation of Fifth Amendment rights.

The Court is aware there are a substantial number of potential jurors who have a generally unfavorable attitude toward naturalizing or legalizing foreign citizens. The Court finds that injection of the issue of plaintiff's immigration status at trial would heighten the likelihood of improper prejudice toward the plaintiff. The Court is inclined to believe that the likelihood of prejudice outweighs any marginal relevance the plaintiff's present immigration status might have as it relates to her damages for mental distress.

Undoubtedly, the plaintiff's testimony about her native home and her ethnic origin will sufficiently inform the jury about her nationality and background. The Court finds that adding evidence concerning the legal process of maintaining her immigration status unduly increases the likelihood of prejudice toward her and the immigration system in general. Also, evidence relating to the immigration process would likely require presentation of evidence in the nature of a tutorial on immigration procedures which

would unduly prolong the trial and require additional evidence and counterevidence on an irrelevant issue.

The Court finds that the plaintiff's current immigration status bears no relationship to whether the College violated her rights in 2016. To the extent the defendant seeks to present evidence of the generalized stress in obtaining legal status in the United States, the plaintiff's motion in limine is granted. If the defendant has particularized evidence that the plaintiff suffered significant emotional distress relating to her immigration status that specifically rebuts the plaintiff's damages evidence, then such evidence must first be presented to the Court outside the presence of the jury. In that event, the Court will reconsider its ruling. Accordingly.

IT IS ORDERED that the plaintiff's motion in limine (Filing No. 140) is granted, without prejudice to reassertion at trial.

Dated this 29th day of May, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge