IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANE DOE,

                Plaintiff,

     vs.

BOARD OF TRUSTEES OF THE
NEBRASKA STATE COLLEGES, a Political
Subdivision of the State of Nebraska,

                Defendant.

**8:17CV265**

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant Board of Trustees of Chadron State College's (hereinafter "Chadron State" or "the College") motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b), Filing No. 207. This is an action for hostile environment gender discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). The matter is set for trial on September 27, 2021.

Defendant Chadron State argues, as it did in an earlier motion to reconsider the Court's ruling on its motion for summary judgment, that the plaintiff's action is foreclosed by the recent Eight Circuit Court of Appeals decision in *Shank v. Carleton College*, 993 F.3d 567 (8th Cir. 2021). The College contends *Shank* requires a Title IX plaintiff to show that she suffered a discrete instance of sexual harassment causally connected to a university's deliberate indifference and plaintiff Jane Doe's action is foreclosed since she never suffered any sexual harassment after she reported a fellow student's sexual assault against her. In this Court's order on the motion to reconsider, the Court rejected that premise, finding "the *Shank* opinion is limited to its facts and does not affect the Court's

1

summary judgment decision." Filing No. 202, Memorandum and Order at 11-12.  Further, this Court stated, "Shank does not adopt or state any new proposition of law, it merely restates the position the Eighth Circuit adopted in *Culver-Stockton* on the necessity of a causal nexus between the college's conduct and the student's experience of sexual harassment or assault."  *Id.* at 8.  The College now argues that the questions of whether *Shank* requires a post-report assault and when the college had notice under Title IX qualify for interlocutory review under 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

*Id.*  That statute establishes "three criteria for certification:  (1) the order must involve a controlling question of law; (2) there must be a substantial ground for a difference of opinion; and (3) the certification must materially advance the ultimate termination of the litigation."  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quoting *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979).  The party requesting certification bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.  *Id.* at 376.  Also, "permission to allow interlocutory appeals should []be granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the courts and the litigants.  *Union Cty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 376).

2

Chadron State contends the Court's ruling meets that criteria. It contends that if *Shank* applies, the plaintiff's action will be dismissed. It points to an ostensible circuit split on the question of whether Title IX requires post-report sexual harassment. *Compare K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017) ("[T]he actual knowledge element requires schools to have more than after-the-fact notice of a single instance in which the plaintiff experienced sexual assault."); *Shank*, 993 F.3d at 573 (requiring "a Title IX plaintiff to demonstrate a 'causal nexus' between the college's conduct and the student's experience of sexual harassment or assault."); *I. L. v. Houston Indep. Sch. Dist.* 776 Fed. Appx. 839, 840 (5th Cir. 2019) (finding as a matter of law that performing an immediate internal investigation, turning over a potential criminal investigation to the police, placing a strict no-contact order on the offending student (that was largely successful in preventing contact with the victim and preventing further sexual harassment) after report of an unwanted sexual contact did not amount to deliberate indifference) (unpublished opinion); *Kollaritsch v. Mich. State Univ. Bd. of Trustees*, 944 F.3d 613, 621 (6th Cir. 2019) *cert. denied*, 141 S. Ct. 554 (2020) (requiring "at least one more (further) incident of harassment, after the school has actual knowledge and implements a response, is necessary to state a claim"); *Hill v. Cundiff*, 797 F.3d 948, 972 (11th Cir. 2015) (stating "[t]o be severe, pervasive, and objectively offensive, the behavior must be serious enough to have a "systemic effect" of denying equal access to an education" and "a 'single instance of sufficiently severe one-on-one peer harassment cannot have such a systemic effect in light of the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment.") (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 652-53 (1999));

3

with *Doe v. Fairfax Cty. Sch. Bd.,* 1 F.4th 257, 274 (4th Cir. 2021) (holding that "a school may be held liable under Title IX if its response to a single incident of severe sexual harassment, or the lack thereof, was clearly unreasonable and thereby made the plaintiff more vulnerable to future harassment or further contributed to the deprivation of the plaintiff's access to educational opportunities."); *Farmer v. Kan. State Univ.*, 918 F.3d 1094, 1103-04 (10th Cir. 2019) (stating that once a college has actual knowledge of sexual harassment that is severe, pervasive and objectively offensive enough to deprive a student of access to the educational benefits and resources the college offers, it cannot, acting with deliberate indifference, turn a blind eye to that harassment—it is sufficient for the deliberate indifference to make the plaintiff vulnerable to further harassment or assault); *Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 173 (1st Cir. 2007), *rev'd on other grounds*, 555 U.S. 246 (2009) (finding actionable conduct if the deliberate indifference made the plaintiff vulnerable to further harassment or assault); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1297 (11th Cir. 2007) (same); *S.S. v. Alexander*, 177 P.3d 724, 740 (Wash. Ct. App. 2008) (finding "[a] lack of appropriate discipline of [the plaintiff's] rapist, minimizing the effects of her rape, treating the victim equally with the rapist in the mediation process, allowing her rapist's denial of wrongdoing to be accepted at face value at the mediation, keeping the matter out of the public eye to avoid negative publicity, offering only a repeated mediation as an alternative remedial measure, discouraging [the plaintiff] from filing a police report, top administrators not notifying the [College's] own police force of the report of a violent sex crime, repeatedly suggesting that [the plaintiff] leave her job with the football program while her rapist would remain, wearing [the plaintiff] down until she believed that further complaints would be

4

futile, a decision not to investigate—or cause to be investigated—her rape report, and—in the absence of a proper investigation—questioning her truthfulness when she expressed dissatisfaction with the results of the mediation" are all an indication of deliberate indifference; though the college was not liable for the sexual assault itself because it was did not receive notice of the assault until after it took place, it was liable for the post-assault situation).   The defendant argues an interlocutory appeal will materially advance the ultimate termination of the litigation in that it will render a trial unnecessary.  The plaintiff opposes the motion.

The Court has reviewed the parties' positions and finds that leave to file an interlocutory appeal should be denied.  The Court does not afford such an expansive reading to *Shank*.  *See* Filing No. 202, Memorandum and Order at 6-8.  For the reasons stated in its earlier opinion, the Court finds the *Shank* case is inapposite.  *Id.* at 9.  This is not an action that involves a lack of actual knowledge, a single incident, or emotional trauma alone.  *See id.* at 2-3.  This case involves the factual determination of whether the College's response, or lack thereof, to an assault caused a deprivation of educational benefits and opportunities.  *Id.* at 3.  The Court stands by its earlier opinions and finds that this action should proceed to trial.  *See* Filing No. 202, Memorandum and Order at 7-13; Filing No. 135, Memorandum and Order at 9-11.

The Court's earlier orders do not involve a controlling question of law as to which there is substantial ground for difference of opinion.  *See* Filing No. 202, Memorandum and Order at 7 (stating that "[t]he *Shank* decision relies on and cites the standards announced in *Davis*, 526 U.S. at 648, and *Culver-Stockton*, 865 F.3d at 1058-59, both of which were considered by this Court and cited in its summary judgment opinion.").  The

5

standard in the Eighth Circuit is that "[a] college 'may not be liable for damages unless its deliberate indifference *subject[s]* its students to harassment. That is, the deliberate indifference must, at a minimum, *cause* [students] to undergo harassment or make them liable or vulnerable to it.'" *Culver-Stockton*, 865 F.3d 1057 (quoting *Davis*, 526 U.S. at 644-45). Further, an interlocutory appeal would not advance the ultimate resolution of the plaintiff's claim but would further delay it. Factual disputes remain to be determined. This action has been pending for over four years, discovery is complete, and the matter is set for trial in the near future. Generally, court of appeals have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. An appeal after a resolution on the merits and a final judgment is a better way to proceed and serves the purpose of preventing piecemeal appeals, promoting efficient judicial administration, and otherwise and avoiding the obstruction of just claims. *See* 2 Fed. Proc., L. Ed. § 3:132; *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (noting that "the general rule has been that 'the whole case and every matter in controversy in it [must be] decided in a single appeal'" (quoting *McLish v. Roff*, 141 U.S. 661, 665–666 (1891)). The Court does not want to further delay the trial of this case and has no desire to disturb the rule of finality in this case. Accordingly,

IT IS ORDERED that the defendant's motion to certify an interlocutory appeal (Filing No. 207) is denied.

Dated this 26th day of July 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge