IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>                        Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska,<br><br>                      Defendant. | Case No. 8:17-cv-265<br><br>**PRETRIAL CONFERENCE ORDER** |

A final Pretrial Conference was held on November 10, 2021, in Omaha, Nebraska. Appearing for the parties as counsel were Maren Chaloupka for the Plaintiff and George Martin and Christopher Hedican for the Defendant.

    **A.**     **Exhibits:**

See attached Joint List of Exhibits.

The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met. Objections are listed on the Joint List of Exhibits.

    **B.**     **Uncontroverted Facts[1]:**

The parties agree that the following may be accepted as established facts for the purposes of this case only:

    1. Venue is proper in Omaha, Nebraska;

    2. Plaintiff DOE is a resident of the State of Colorado. Defendant is a Constitutional entity of the State of Nebraska.

    3. DOE is a former student of Chadron State College ("the College").

    4. While DOE was a student at the College, DOE was employed with Campus Security.

---

[1] See also the Section O, Other, below regarding additional "Uncontroverted Facts" to be added to this listing.

5. On September 19, 2016, DOE reported to law enforcement that another of the College's students, Mr. Anthony Ige, had sexually assaulted her in the basement of Andrews Hall ("the Complaint").

6. The CSC Title IX Coordinator Anne DeMersseman was notified of the Complaint later that same night.

7. On September 22, 2016, DOE met with CSC Title IX Coordinator Anne DeMersseman. She advised DeMersseman that Ige had also sexually assaulted her while she was working in May 2016, though she had not reported it.

8. Separately, DeMersseman interviewed Ige the same day.

9. In her September 30, 2016 Title IX Investigation Determination, Title IX Coordinator DeMersseman "recommend[ed] that disciplinary proceedings should be initiated against [Mr.] Ige."

10. On October 3, 2016, the College's Vice President Jon Hansen advised DOE via email that "I believe misconduct, as defined in Board Policy 3100, occurred. Accordingly, I have decided that disciplinary proceedings should be initiated."

11. On October 11, 2016, Ige admitted to violations of Board Policy 3020.

12. On October 24, 2016, Vice-President Hansen imposed the following sanctions on Mr. Ige:

    a. "The 'No Contact Order" between Anthony Ige and [Doe] is continued indefinitely. Furthermore, Anthony is banned from Brooks residence hall until further notice. Additionally, Anthony is required to immediately leave any function, event, gathering, or location he attends if Ms. [Doe] is also present."

    b. "Anthony will schedule weekly counseling with the Chadron State College Counseling Office immediately. The counselor will determine the need for adjustment of his counseling needs every semester and make recommendations to the Senior Director of Student Affairs."

    c. "Anthony is now on behavioral probation until he graduates or otherwise departs Chadron State College. Any reports of similar behavior will result in immediate temporary suspension from Chadron State College, investigation, and

2

        the potential for additional sanctions that could include dismissal."

d.   "Anthony will read "The Macho Paradox: Why Some Men Hurt Women and How All Men Can Help," by Jackson Katz and provide a journal of his thoughts and understanding of the topics covered. Additionally, he will schedule a meeting with his counselor and Mr. Jon Hansen to discuss his journal and what he has learned. Completion of this action is required prior to December 1, 2016.

e.   "Anthony is required to successfully complete the online Consent and Alcohol Wise courses provided to all incoming students. Completion is required prior to November 4, 2016.

**C. Controverted and Unresolved Issues:**

<u>The issues remaining to be determined and unresolved matters for the Court's attention are:</u>

*Plaintiff:*

1. Whether the College was deliberately indifferent in responding to DOE's sex harassment complaint on September 19, 2021 and thereby violated or denied DOE's rights pursuant to Title IX, 20 U.S.C. § 1681 et seq. specifically:

(a) Whether DOE was subjected to sexual harassment by the intentional conduct of Mr. Ige which deprived her of an equal educational opportunity because of sex;

(b) Whether an official employed by the College with authority to institute corrective measures had actual notice that Mr. Ige subjected the plaintiff to sexual harassment;

(c) Whether the College acted with deliberate indifference to the known acts of sexual harassment by Mr. Ige to DOE;

(d) Whether if the College's deliberate indifference to the known acts of sexual harassment committed by Mr. Ige toward DOE caused DOE to experience additional sexual harassment by Mr. Ige after the College became aware of the harassment; and

(e) Whether such additional sexual harassment caused DOE to suffer injury and if so the amount of damages for emotional pain and suffering distress caused by such injury.

3

2. The nature and extent of DOE's damages, to include the value of her emotional pain and suffering, past and future.

3. The amount of DOE's fair and reasonable attorney's fees and taxable litigation expense should she be a prevailing party in her suit. The Court alone is to decide this issue.

*Defendant:*

1. Whether DOE (1) fails to state a claim, (2) upon which relief can be granted.

2. Whether DOE mitigated her damages, if any.

(a) There were activities DOE could have undertaken to mitigate her losses;

(b) expecting DOE to undertake those mitigating activities was reasonable under the circumstances;

(c) DOE acted unreasonably in failing to undertake the mitigating activities; and

(d) a causal connection exists between DOE's failure to mitigate and the damages she claims.

**D.  Witnesses:**

Witnesses to be called by the Plaintiff:

1. DOE **(will call)**;

2. Professor Michael Bogner, Chadron, Nebraska (**may call**);

3. Professor Lisette Leesch, Chadron, Nebraska (**may call**);

4. Vice-President of Enrollment Management, Marketing & Student Services Jon Hansen, Chadron, Nebraska (**will call**);

5. Associate Vice-President for Human Resources Anne DeMersseman, Chadron, Nebraska (**will call**);

6. Former Director of Housing & Residence Life Sherri Simons, Chadron, Nebraska (**will call**);

7. Former Senior Director of Student Affairs Pat Beu, North Platte, Nebraska (**will call**);

8. Director of Campus Security Don Keiper, Chadron, Nebraska (**will call**);

9. CSC Counselor Robin Bila, Chadron, Nebraska (**will call**);

10. Witnesses necessary for impeachment/rebuttal, and/or listed by Defendant.

<u>Witnesses to be called by the Defendant:</u>

1. DOE (**may call**);

2. Dean of Student Affairs and Former Vice President of Enrollment Management, Marketing, and Student Services, Jon Hansen, Chadron, Nebraska (**may call**);

3. Associate Vice-President for Human Resources and former Title IX Coordinator Anne DeMersseman, Chadron, Nebraska (**may call**);

4. Former Director of Housing & Residence Life Sherri Simons, Chadron, Nebraska (**may call**);

5. CSC Counselor Robin Bila, Chadron, Nebraska (**may call**);

6. Former Nebraska State College System Director for Title IX Taylor Sinclair, Lincoln, Nebraska (**may call**);

7. Professor Michael Bogner, Chadron, Nebraska (**may call**);

8. Plaintiff's Counsel Maren Chaloupka, Scottsbluff, Nebraska (**may call**);*(See footnote 5 and opinion to follow)

9. Witnesses necessary for impeachment/rebuttal, and/or listed by Plaintiff;

10. Witnesses necessary for the authentication of medical records.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**E.** **<u>Expert Witnesses:</u>**

Witnesses to be called by the Plaintiff:

Charol Shakeshaft, Ph.D.
Virginia Commonwealth University
1015 West Main Street
Richmond, VA 23204-2020
(Curriculum vitae is attached)

The Defendant renews its objections to Dr. Shakeshaft's testimony pursuant to Filings No. 148 and 149.

CSC Counselor Robin Bila was a fact witness who was DOE's treating mental health counselor during the events in question. Bila testified in her discovery deposition without objection regarding her observations of DOE and the basis for her treatment recommendations for DOE during their counselor-patient relationship. It is likely that it would be necessary for the undersigned to ask Bila to explain the foundation for her treatment recommendations in the course of Bila's witness examination.[2]

The Defendant objects to any testimony other than fact testimony. The Defendant further objects to expert testimony from Counselor Bila as she was not disclosed as an expert nor did she provide a report as required by Fed. R. Civ. P. 26

Witnesses to be called by the Defendant:

None, other than examination of the Plaintiff's expert witness.

**F.      Deposition and Discovery Documents:**

The Plaintiff intends to offer in evidence the following deposition testimony as part of her case-in-chief:

Deposition of Michael Bogner

11:02-11:17

38:11-45:06

46:22-48:06

The Plaintiff intends to offer in evidence the following discovery documents as part of her case-in-chief:

Defendant's Answer to Interrogatory No. 8 dated May 16, 2018

Defendant's Answer to Interrogatory No. 4 dated April 6, 2018

---

[2] The undersigned magistrate judge will enter an opinion on this issue.

6

<u>Objections by the Defendant are:</u>

The Defendant objects to the deposition designations of Michael Bogner on the following grounds:

a.   The witness is not unavailable;

b.   The objections stated in the deposition transcript; and

c.   The following specific grounds:

   11:02-11:17

   - Incomplete (10:11-11:1 contain the preceding question and context)
   - Irrelevant

   38:11-45:06

   - Irrelevant
   - Speculation/hearsay (40:21-42:2)

   46:22-48:06

   - Irrelevant
   - Incomplete (45:16-46:21 contain the preceding question and context)
   - Hearsay

The Defendant objects to offering the Answers to Interrogatory Nos. 4 and 8 because they are not relevant, they are immaterial, they are more prejudicial than probative, and they lack foundation. The Defendant further reasserts its objections to Plaintiff's Interrogatory Nos. 4 and 8.

<u>The Defendant intends to offer in evidence the following deposition testimony as part of its case-in-chief:</u>

   None

<u>The Defendant intends to offer in evidence the following videotape depositions as part of its case-in-chief:</u>

   None

<u>The Defendant intends to offer in evidence the following discovery documents as part of its case-in-chief:</u>

7

>  The Plaintiff's Answer/Supplemental Answer to Interrogatory No. 9 (two page document served April 8, 2018).

Objections by the Plaintiff are:

>  None

**G.   Voir Dire:**

The Plaintiff has reviewed FRCP 47(a) and NELR 47.1 and suggest the following with regard to the conduct of jury examination: that the voir dire examination be conducted by both the Court and by counsel as the Court shall determine. Given the complexity of this case, we respectfully renew our request for sixty (60) minutes apiece to each individual party. To that end, DOE filed a Motion for Additional Voir Dire Time (Defendant objected).

The Defendant reiterates its Objection to Plaintiff's Motion for Additional Voir Dire Time (see Filing No. 179) and states that the Court has already ruled upon his issue in its May 25, 2021 Memorandum and Order (Filing No. 191). Pursuant to the Court's June 15, 2021 Order (Filing No. 204) the Defendant requests that the Court include questions 1-8, 10-15, 18, and 26-27 submitted by the Defendant in the prospective juror questionnaire.[3]

**H.   Number of Jurors:**

The parties request that this matter be tried by a jury composed of twelve[4] jurors.

**I.   Verdict:**

The parties will not stipulate to a less than unanimous verdict of eleven jurors after six hours of deliberations.

**J.   Delivery of Briefs and Jury Instructions:**

Trial briefs shall be delivered to the trial judge at least five (5) working days before the first day of trial. Proposed jury instructions shall be delivered to the trial judge at least five (5) working days before the first day of trial.

**K.   Length of Trial:**

---

[3] Judge Bataillon has ruled on this issue in Filing 191.
[4] Eight jurors, unless Judge Bataillon states otherwise based on the then-current pandemic protocols.

    Counsel estimate the length of trial will be not more than five days and probably about five days.

**L.**   **Trial Date:**

This trial is set to commence at 9am on Tuesday, November 30, 2021.

**O.**   **Other:**

The Defendant has four Motions in Limine pending, Filing Nos. 183-190, which the Court has not yet ruled upon.

A dispute has arisen between the Parties over the use of the following trial stipulations:[5]

1. "Attorney Maren Chaloupka acted as an agent for DOE in communications with Chadron State College from November 15, 2016 to present." (Statement of Stipulated Facts)

2. "On November 18, 2016, Ms. Chaloupka informed Chadron State College that it was to direct all communications regarding Doe to Ms. Chaloupka, rather than communicating directly with DOE." (Statement of Stipulated Facts)

3. The College "abided by Ms. Chaloupka's instruction and communicated solely with Ms. Chaloupka regarding Doe's Title IX Complaint for the remainder of DOE's enrollment at the Chadron State College." (Statement of Stipulated Facts)

4. Ms. Chaloupka and the College exchanged letters on November 18, 23, and 30, 2016. Those letters were "the only communications, between Ms. Chaloupka and Chadron State College from November 16, 2016 to the date of DOE's graduation" on December 16, 2016. (Statement of Stipulated Facts)

---

[5] As explained and for the reasons stated in the court's prior order, (Filing No. 100), the undersigned magistrate judge overrules the plaintiff's objection to listing these statements as uncontroverted facts for this case. The undersigned magistrate judge will be entering an opinion on this issue.

    The admissibility of these stipulated facts may be contingent on the court's ruling on the Filing 183 motion in limine: Plaintiff argues that ruling will impact admissibility, and defendant argues the Filing 183 motion in limine has no impact on the admissibility of these stipulated facts.

Dated this 10th day of November, 2021.

        JANE DOE, Plaintiff,

        By: /s/ *Maren Lynn Chaloupka*
        Maren Lynn Chaloupka (NE #20864)
        Chaloupka Law LLC
        Post Office Box 1724
        Scottsbluff, NE  69363-1724
        Phone:  (308) 270-5091
        mlc@chaloupkalaw.net

        BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, Defendant,

        BY:   /s/ *George E. Martin III*
               George E. Martin III (NE #21747)
               Leigh Campbell Joyce (NE #26218)
               Baird Holm LLP
               1700 Farnam Street, Suite 1500
               Omaha, NE  68102
               Phone:  402-344-0500
               Facsimile:  402-344-0588
               Email: gmartin@bairdholm.com
                       lcampbell@bairdholm.com

               Thomas E. Johnson (NE#12089)
               Johnson Tabor & Johnson Law, LLC
               11932 Arbor St., Suite 101
               Omaha, NE 68144
               Phone: 402-506-4444
               Facsimile: 402-506-4442
               Email:  tjohnson@johnsontabor.com
               ATTORNEYS FOR DEFENDANT

IT IS ORDERED:

November 10, 2021.        BY THE COURT:

                        *s/ Cheryl R. Zwart*
                        United States Magistrate Judge