IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>      vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>                    Defendant. | **8:17CV265**<br><br><br>**MEMORANDUM AND ORDER ON PRETRIAL CONFERENCE ISSUES** |

A pretrial conference was held today in the above-captioned case. As per my usual practice, it was not recorded. However, a matter was raised regarding the testimony of Plaintiff's counsel which warrants further explanation of record. In addition, Defendants object to any expert opinion testimony Plaintiff may attempt to elicit from Robin Bila, LIMHP, a Chadron State College (CSC) student counselor who provided services to Plaintiff. This opinion addresses both issues.

DISCUSSION

1.      Stipulation of Facts or Testimony of Plaintiff's Counsel?

In this lawsuit, Doe claims Defendants were deliberately indifferent to her needs when they failed to adequately respond to her reports of being raped on campus by a fellow student. Doe claims Defendants thereby violated Plaintiff's rights secured under Title IX, 20 U.S.C. § 1681.

Plaintiff's complaint alleges she was a student at CSC from August 2013 through December 2016. (Filing No. 1, at CM/ECF p. 3, ¶ 10). Doe states that on September 19, 2016, she was sexually assaulted by a student-athlete named Anthony Ige, (id. at ¶ 13), and the assault was reported to CSC's Title IX coordinator on September 22, 2016. Id. at ¶ 15. The complaint alleges CSC disciplined Ige on October 25, 2016, (id. at CM/ECF p. 5, ¶22), but Ige was allowed to remain on campus. As summarized in the undersigned magistrate judge's prior order:

> Doe complained that the discipline was too lenient; that so long as Ige was on the campus, she would possibly encounter him—a risk that was interfering with her on-campus employment and counseling, her mental health, and her ability to fully attend school. (Filing No. 94-1, at CM/ECF pp. 57-58). An email sent by Defendant's Vice President for Student Affairs, Jon Hansen, on November 14, 2016 explained the school's position. (Filing No. 94-1, at CM/ECF p. 59-61). The email ended, "Please let me, your supervisor, or DeMersseman know if you have any questions or concerns." (Filing No. 94-1, at CM/ECF p. 61).

(Filing No. 100, at CM/ECF p. 2).

At the direction of Plaintiff's counsel, Maren Chaloupka, Doe did not personally communicate with the CSC administration regarding the facts underlying this lawsuit after November 16, 2016.  Doe's counsel sent a letter to CSC on November 18, 2016, notifying CSC to cease direct communications with Doe; that Ms. Chaloupka represents Doe and all future communications by Defendants must be sent to Plaintiff's counsel. (Filing No. 94-1, at CM/ECF p. 18).

This lawsuit was filed on July 21, 2017. In December 2018, a discovery dispute arose regarding whether Defendant was entitled to depose Plaintiff's counsel as a fact witness. See attached emails. In lieu of deposing Plaintiff's counsel, defense counsel suggested a stipulation of facts. (Filing No. 94-1, at

CM/ECF pp. 12-13). Plaintiff's counsel "resist[ed] Defendant's attempt to force [her] to either sign its proposed Stipulation or else submit to a deposition." (Id. at CM/ECF p. 9). When the parties were unable to resolve the dispute by stipulation, Defendants noticed the deposition of Plaintiff's counsel. Plaintiff moved to quash the deposition. (Filing No. 92).

Plaintiff's counsel argued that being deposed would lead to her disqualification. The court held this concern was premature, explaining:

> [P]ermitting Defendant to take a pretrial deposition of Doe's counsel will not necessitate disqualification, and there is no evidence before me that taking the deposition of Doe's counsel will create a risk that counsel will be disqualified for trial purposes. Particularly where it appears any need for a deposition could be side-stepped by a stipulation of facts, the court will not quash a properly noticed deposition of Doe's counsel based on an unsupported possibility of attorney disqualification.

(Filing No. 100, at CM/ECF p. 9).

The court also rejected a claim that deposing Plaintiff's counsel would violate the attorney-client privilege and work product doctrine, reasoning:

> [A] deponent, including counsel for a party, may possess both privileged and nonprivileged information and may object to questions on the basis of privilege and refuse to answer such questions. . . . [T]he court will decide if privilege objections were properly invoked on a question-by-question basis. Simply stated. the court cannot rule on attorney-client or work product objections in the abstract, and the fact that such objections may be raised during a deposition does not support an anticipatory ruling to quash a deposition.

(Filing No. 100, at CM/ECF pp. 11-12).

The court also rejected a claim that the testimony of Plaintiff's counsel was irrelevant. As explained in the decision, the complaint states Doe "expressed to

CSC her concerns and her disappointment with CSC's refusal to ban Ige from campus. . . multiple times, in writing and eventually through the assistance of counsel." (Filing No. 1, at CM/ECF p. 8, ¶ 34). Doe claims CSC was deliberately indifferent to her needs and educational rights by failing to respond to these concerns as voiced by Doe and her attorney, Doe's sole contact with CSC after November 16, 2016. Given these allegations, Ms. Chaloupka's testimony as to what she told CSC and how it responded is undeniably relevant. (Filing No. 100, at CM/ECF pp. 13-14).

Finally, Plaintiff's counsel argued that even assuming her testimony would be relevant, it is not necessary and "crucial." An attorney may testify for her client to establish facts that are not significantly contested. And by stipulating to apparently uncontested facts, the parties can ethically circumvent the risks and expense of obtaining other witnesses or other counsel. Restatement (Third) of the Law Governing Lawyers § 108 (2000). But here, when the motion to quash was filed, Doe's counsel was unwilling to stipulate that she acted as Doe's agent in communicating with CSC beginning on November 16, 2016, or that the documents referenced in the stipulation were the only communications between Plaintiff's counsel and CSC from Nov 16, 2016 to the date of Doe's graduation.

Plaintiff's counsel argued that a stipulation alone would not provide the necessary context to explain her communications, or lack thereof, with CSC. As to this argument, the court explained that if Doe signs the stipulation, and other witnesses can explain the context of those facts to the jury, the testimony of Doe's counsel is unnecessary and she need not be deposed.

> [T]he stipulation can be read or received at trial, or both, and the trial will proceed without Doe's counsel serving as a witness.
>
> In the end, the question of whether the testimony of Doe's counsel is crucial, and therefore whether she must submit to a deposition, is

> up to Doe. But on the facts currently before the court, she has
> refused to sign the stipulation that could moot that problem.

(Filing No. 100, at CM/ECF p. 17). Since Doe's counsel was refusing to sign the stipulation, the motion to quash was denied. That order was not appealed.

Plaintiff's counsel was not deposed. Instead, Doe and the defendants entered into a stipulation which, in all material respects, mirrored the stipulation suggested by defense counsel before Ms. Chaloupka's deposition was noticed. The parties stipulated as to foundation for the documents exchanged between Plaintiff's counsel and CSC, and the following:

> 1.   Attorney Maren Chaloupka acted as an agent for DOE in communications with Chadron State College from November 15, 2016 to present.
>
> 2.   On November 18, 2016, Ms. Chaloupka informed Chadron State College that it was to direct all communications regarding Doe to Ms. Chaloupka, rather than communicating directly with DOE.
>
> 3.   The College abided by Ms. Chaloupka's instruction and communicated solely with Ms. Chaloupka regarding Doe's Title IX Complaint for the remainder of DOE's enrollment at the Chadron State College.
>
> 4.   Ms. Chaloupka and the College exchanged letters on November 18, 23, and 30, 2016.  Those letters were the only communications, between Ms. Chaloupka and Chadron State College from November 16, 2016 to the date of DOE's graduation" on December 16, 2016.

See Filing No. 217, at CM/ECF p. 8, § O. The court heard nothing more about the topic until the pretrial conference held today.

During the pretrial conference, the parties provided oral argument on whether the factual stipulations from January 2019 must be included in the

"Uncontroverted Facts" section of the pretrial conference order. Plaintiff's counsel again argued that the stipulated facts lacked context or explanation—that further communications with CSC would have been useless because CSC's prior responses were a sham and its offer of ongoing assistance was a setup. As such, she claimed the stipulated facts are irrelevant. As to that issue, nothing new was raised since the court entered its order in December 2018.

Ms. Chaloupka also stated she would testify if defense counsel called her to the stand, but if she did so, it would be at Defendants' peril. She argued Defendants were attempting to identify her as a necessary fact witness and thereby disqualify her as Doe's counsel—an effort that should be denied as untimely because Defendants were obligated to file a motion to disqualify as soon as the issue arose.

The defendants did not argue that Plaintiff's counsel should be disqualified. Like the undersigned magistrate judge, the defendants believed the issue of whether Ms. Chaloupka would be a necessary trial witness was resolved when Plaintiff's counsel entered into the stipulation of facts nearly three years ago in lieu of being deposed. And even had Defendants known Plaintiff's counsel would likely need to testify at trial, a motion to disqualify during pretrial stages of the case would have been premature. Droste v. Julien, 477 F.3d 1030, 1035–36 (8th Cir. 2007) (reversing a district court's order disqualifying an attorney as premature, explaining that a lawyer who will likely be a necessary witness may still represent a client in pretrial stages of a case; ABA Model Rule 3.7—known as the witness-advocate rule—does not apply to pretrial proceedings). Finally, although not by motion to disqualify, the specter of potential disqualification was raised when the motion to quash was filed in December 2018. In light of the parties' stipulation thereafter, I am surprised the issue has re-surfaced. But the issue itself is not a new and wholly unforeseen concern in this case.

6

Depending on Doe's decision regarding the evidence she intends to offer at trial, the attorney disqualification issue may now have to be decided. Ms. Chaloupka may be a necessary witness at trial if 1) she intends to offer her own testimony or statements as evidence on disputed issues or to explain away or provide context regarding the stipulated facts; 2) no other witness is able or available to provide this testimony; and 3) her testimony is contested and relevant. Given these unknowns, the court will not further address the attorney disqualification issue at this time. Instead, Plaintiff's counsel must apprise the court and defense counsel before November 17, 2021 if, after conferring with her client, she believes she will be a necessary trial witness.

For now, the court decides only that the stipulated facts in Section O of the pretrial order are "uncontroverted facts" for the purposes of trial. See Filing No. 217, at CM/ECF p. 9, n. 5.

2.    Fact or Opinion Testimony by an Expert?

Plaintiff has listed Robin Bila, LIMHP, as "a fact witness who was DOE's treating mental health counselor during the events in question." (Filing No. 217, at CM/ECF p. 6). Plaintiff explains:

> Bila testified in her discovery deposition without objection regarding her observations of DOE and the basis for her treatment recommendations for DOE during their counselor-patient relationship. It is likely that it would be necessary for the undersigned to ask Bila to explain the foundation for her treatment recommendations in the course of Bila's witness examination.

Id. Defendants object "to any testimony other than fact testimony," because "Counselor Bila as she was not disclosed as an expert nor did she provide a report as required by Fed. R. Civ. P. 26." Id.

7

The deadline for disclosing expert witnesses, both retained and non-retained, was September 24, 2018. (Filing No. 71). Based on the notice of record, Ms. Bila was deposed on November 14, 2018. (Filing No. 78). Plaintiff never disclosed Ms. Bila as a non-retained expert witness. Ms. Bila may have answered deposition questioning on topics touching on expert opinion, but Plaintiff's questioning (and Ms. Bila's answers) did not provide notice to Defendants that Plaintiff intended to call Ms. Bila, CSC's counselor, as a non-retained expert for Doe's case in chief at trial. This is particularly true where, as here, Plaintiff's counsel states she intends to call Ms. Bila as a fact witness only, and prior to deposing Ms. Bila, Plaintiff had designated a retained expert for her case. Under these circumstances, the court finds that to the extent Plaintiff intends to elicit opinion testimony from Ms. Bila at trial, such opinions are inadmissible as untimely disclosed with no good cause showing to excuse the late disclosure. See Fed. R. Civ. P. 16(b)(4); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Ms. Bila may, however, testify as a fact witness. But the line between fact and opinion testimony can be difficult to explain in the abstract. The parties have asked the court for current guidance on how to draw that line so the issue need not be argued during trial.

In her capacity as a fact witness, Ms. Bila may explain what she saw, heard, or did while providing treatment to the plaintiff; her treatment recommendations for this plaintiff; why she provided the care and counseling modalities to plaintiff as reflected in her records; the terminology, medications, procedures, documentation, and any testing results within her records; and her professional experience, training, and specialization. United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) ("A treating physician is not considered an

8

expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party.") A treatment provider is "a fact witness if the testimony concerns information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment." Nowak v. Nierthaler, 1999 WL 34804337, at *2 (D. Kan. Sept. 3, 1999).

Opinions on the care provided by others or on matters unrelated to the actual care and treatment eventually administered to the plaintiff herself elevates the treatment provider to the status of an expert witness covered by Rule 26(b)(4). Id. Expert opinions would include any opinions Ms. Bila may have regarding why specific care and counseling modalities are appropriate and should be implemented, or not, for the type of case at issue; the cause of Doe's mental health issues, including any testimony that Defendants' alleged actions or inactions exacerbated pre-existing conditions, or whether Doe's mental health issues were caused, in whole or in part, by pre-existing conditions or solely by Defendants' alleged deliberate indifference; Doe's prognosis, including any anticipated future restrictions or impairments; any future care she may need; and the anticipated cost of that care. In other words, Ms. Bila can be asked about the information within her records, along with describing any relevant events regarding Plaintiff's care that are not documented. Testimony regarding what a trained counselor would anticipate, expect, or decide to do in light of Doe's background and the sexual assaults at issue, both at the time of Ms. Bila's contacts with Doe and in the future, is expert testimony.

Accordingly,

IT IS ORDERED:

1)     This opinion supplements my rulings and notes in the pretrial conference order.

2)     Plaintiff's counsel must file a notice of record on or before November 17, 2021 if, after conferring with her client, she believes she will be a necessary trial witness.

November 10, 2021.                    BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge