IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>                Defendant. | **8:17CV265**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the plaintiff's objections, Filing No. 229, to the order of the Magistrate Judge, Filing No. 219. Plaintiff Jane Doe objects to the Magistrate Judge's ruling regarding the testimony of Robin Bila, LIMHP. The Magistrate Judge addressed the defendant's contention that "any testimony other than fact testimony," by Ms. Bila should be excluded because Bila was not disclosed as an expert and had not provided a report as required by Fed. R. Civ. P. 26. Filing No. 219, Order at 7. The Magistrate Judge offered guidance on where to draw the line between fact and opinion testimony, explaining that

> Expert opinions would include any opinions Ms. Bila may have regarding why specific care and counseling modalities are appropriate and should be implemented, or not, for the type of case at issue; the cause of Doe's mental health issues, including any testimony that Defendants' alleged actions or inactions exacerbated pre-existing conditions, or whether Doe's mental health issues were caused, in whole or in part, by pre-existing conditions or solely by Defendants' alleged deliberative indifference; Doe's prognosis, including any anticipated future restrictions or impairments; any future care she may need; and the anticipated cost of that care. In other words, Ms. Bila can be asked about the information within her records, along with describing any relevant events regarding Plaintiff's care that are not documented. Testimony regarding what a trained counselor would anticipate, expect, or decide to do in light of Doe's background and the

1

> sexual assaults at issue, both at the time of Ms. Bila's contacts with Doe and in the future, is expert testimony.

Filing No. 219, Order at 8-9.

The plaintiff represents to the Court that Ms. Bila is a Chadron State College employee; that Bila was deposed; and that Doe intends to confine questions about Bila's foundation to Bila's treatment of Doe to the testimony developed during Bila's discovery deposition, at which Defendant was represented by counsel of record in this matter. Ms. Bila is a Licensed Independent Mental Health Provider and was the plaintiff's treating mental health provider at the time of the incidents at issue.

The Court finds the Magistrate Judge's ruling is perhaps overly broad. The Court agrees with the Magistrate Judge that Ms. Bila may testify as a fact witness. However, under Nebraska law,

> Independent mental health practice includes diagnosing major mental illness or disorder, using psychotherapy with individuals suspected of having major mental or emotional disorders, or using psychotherapy to treat the concomitants of organic illness, with or without consultation with a qualified physician or licensed psychologist.

Neb. Rev. Stat. Ann. § 38-2113 (2007). Generally, a treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party. A treatment provider may properly testify as to the information obtained and the conclusions and opinions made in the course of treating a patient that were necessary to providing care to the patient. "A treating physician, even when testifying as a lay witness, may state 'expert' facts to the jury in order to explain his testimony." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.08 (Joseph M. McLaughlin ed., 2d ed. 1999) (noting that a doctor testifying as a lay witness should be

2

given "loose rein to state what are truly facts, even if they are 'expert' facts"). "In addition, 'a lay witness may testify as to any opinion "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding . . . of a fact in issue."' *Id.* (quoting Fed. R. Evid. 701). "[I]n accordance with Rule 701, 'any opinions offered by [a lay witness doctor] were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation." *Id.* (quoting *Weese v. Schukman*, 98 F.3d 542, 550 (10th Cir.1996)). However, a treating physicians' opinions on industry standard of care is classic expert testimony. *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir.1993) (noting that a witness would formulate such an opinion only when preparing for litigation).

Also, "[t]he disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). The requirement of a written report in Federal Rule of Civil Procedure 26 (2)(B) applies only to those experts who are retained or specially employed to provide scientific, technical, and other specialized testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. Fed. R. Civ. P. 26(a)(2) advisory committee's note (1998) (distinguishing between treating physicians and retained experts). A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. *Id.*

Ms. Bila may testify to the facts of the incident as they were related to her and on which she based the diagnosis and treatment of the plaintiff. Ms. Bila's treatment of the plaintiff is relevant and admissible as it relates to treatment protocol, what the provider

3

did, her diagnosis, and the like. Bila will not be allowed to testify as an expert because she was not listed as an expert, and the defense has had no notice or opportunity to engage an expert to rebut her expert testimony. She was, however, disclosed as a witness and deposed, so the defendant can hardly claim surprise.

The weight to be accorded to Ms. Bila's testimony is for the jury to determine. The Court will properly limit the witness's testimony to matters within Ms. Bila's personal knowledge, including things she relied on in making a differential diagnosis and designing a treatment plan. Robin Bila is limited at trial to testifying as a fact witness under Federal Rule of Evidence 701.

IT IS ORDERED THAT the plaintiff's objection (Filing No. 229) to the order of the Magistrate Judge (Filing No. 219) is sustained in part as set forth in this Memorandum and Order.

Dated this 24th day of November 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge