IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>    Defendant. | **8:17CV265**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court after a hearing on November 18, 2021, on motions in limine filed by defendant, Board of Trustees of Chadron State College (hereinafter "Chadron State" or "the College"), Filing Nos. 183, 185, 187, and 189. This is an action for hostile environment gender discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"). The plaintiff alleges gender discrimination in connection with the College's response to reports of on-campus rapes.

  In its seventh motion in limine, the College seeks to exclude any evidence relating to accommodations the plaintiff "failed to request" after November 22, 2020. Filing No. 183. Plaintiff's counsel concedes that she will not object to admission of the two letters from the College to Ms. Chaloupka that are the subject of this motion. The motion is sustained in part. The letters are admissible. The motion is overruled in other respects.

  In its eighth motion in limine, the College seeks to preclude any evidence relating to Title IX complaints brought by individuals other than the plaintiff, or the Nebraska State Colleges' investigation or adjudication of those other complaints. Filing No. 185. It contends the case should not be allowed to devolve into a series of mini-trials about the

1

College's handling of Title IX complaints other than the plaintiff's, each of which has its own unique fact pattern and each of which occurred against the backdrop of evolving Title IX standards. The plaintiff states she has no intention of adducing evidence on incidents that are dissimilar and/or remote in time. Her expert is expected to testify about the way the College handled sexual assaults in the year or two prior to the plaintiff's complaint and involved the same College offficials. The Court agrees the trial should not conduct mini-trials on other incidents, but finds that evidence of similar incidents could be relevant. The Court finds the motion should be overruled at this time without prejudice to reassertion at trial. Plaintiff's counsel is directed to provide her expert's reports to the Court for review. The Court finds that any testimony concerning dissimilar events can be stricken at trial.

In its ninth motion in limine, the defendant seeks to preclude evidence or argument about pretrial motions or discovery. Filing No. 187. Generally, rulings on prior motions are not admitted into evidence. The plaintiff states she has no intention of adducing any such evidence, but will approach the bench if any such situation arises. The Court finds the defendant's motion should be sustained.

The plaintiff confesses to defendant's tenth motion in limine regarding certain medical diagnoses. Filing No. 189. Accordingly, the motion will be denied as moot. Therefore,

IT IS ORDERED that:

1. The defendant's seventh motion in limine (Filing No. 183) is granted in part and overruled in part as set forth in this order.

2. The defendant's eighth motion in limine (Filing No. 185) is overruled at this time without prejudice to reassertion at trial.

3. The defendant's ninth motion in limine (Filing No. 187) is sustained.

4. The defendant's tenth motion in limine (Filing No. 189) is denied as moot.

Dated this 29th day of November 2021.

                                            BY THE COURT:

                                            s/ Joseph F. Bataillon
                                            Senior United States District Judge