IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>               Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>               Defendant. | **8:17CV265**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on the objection of defendant Board of Trustees of Chadron State College (hereinafter "Chadron State" or "the College"), to Jury Instruction No. 15A, as modified at the close of evidence. Filing No. 232. Prior to trial, the Court provided the parties with instructions it intended to read to the jury at the beginning of trial. The Court conducted an instruction conference. The defendant objected to the Court's Proposed Instruction No. 15 – Deliberate Indifference. That proposed instruction provided

### DEFINITION – DELIBERATE INDIFFERENCE

    "Deliberate indifference" means that the defendant's response to the alleged harassment or lack of response was clearly unreasonable in light of all the known circumstances.

    Deliberate indifference to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

Court's Proposed Instruction No. 15. The first paragraph of the Court's proposed "deliberate indifference" instruction defines the conduct (clearly unreasonable) and the second paragraph defines the mind-state (reckless disregard).

1

The defendant objected to the language "conscious or reckless disregard." *See* Filing No. 232, Defendant's objections at 5. It contends that in drafting the proposed instruction, the Court inappropriately borrowed the "deliberate indifference" standard from Eighth Amendment jurisprudence, arguing that prisoner Eighth Amendment cases are neither factually nor legally comparable to Title IX cases. *Id.* Further, the College argues that the language contradicts the first sentence in the instruction. The Court preliminarily sustained the objection for purposes of the initial instructions, stating that it would revisit the issue in the closing instructions. The Court now finds that Chadron State's objection to including the phrase "reckless disregard" in the deliberate indifference definition should be overruled and reckless disregard should be in the deliberate indifference definition given to the jury at the end of trial.

"Deliberate indifference" describes a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1997) (also stating a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."). The definition of deliberate indifference in the context of torts is "conscious disregard of the harm that one's actions could do the interests or rights of another. —Also termed as *reckless indifference* . . ." *Deliberate Indifference*, BLACK'S LAW DICTIONARY (11th ed. 2019). The definition of reckless indifference is "*see* Deliberate Indifference." *Reckless Indifference*, BLACK'S LAW DICTIONARY (11th ed. 2019). Reckless disregard's definition is "conscious indifference to the consequences of an act." *Reckless disregard*, BLACK'S LAW DICTIONARY (11th ed. 2019). With respect to Title IX, the Supreme Court describes deliberate indifference in terms of a defendant's response to actual notice of discrimination in its programs. *Gebser*

*v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 290 (1999) (stating that a school is liable when "an official decision by the recipient [does] not remedy the violation."). These definitions center on the interchangeability of "conscious" disregard and "reckless" disregard.

The Eighth Circuit, along with the Supreme Court, aligns the deliberate indifference standard in Title IX cases with municipal liability for a constitutional tort arising under 42 U.S.C. § 1983. *Roe v. St. Louis Univ.*, 746 F.3d 874, 882 (8th Cir. 2014); *Davis ex rel. Lashonda D. v. Monroe Cnty. Bd. Of Ed.*, 526 U.S. 629, 642–43 (1999) [hereinafter *Davis*]. In *Roe,* the Eighth Circuit Court of Appeals explained

> The Supreme Court explained in *Gebser* [*v. Lago Vista Indep. Sch. Dist.*], 524 U.S.at 290, that Title IX damage actions which do not involve an institution's official policy require a showing that "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf [had] actual knowledge of discrimination in the recipient's programs and fail[ed] adequately to respond." According to the Court, this failure to respond or deliberate indifference standard is in "rough parallel" to the Title IX administrative enforcement scheme, which is based on "an official decision by the recipient not to remedy the violation." *Id.*; *see also* 20 U.S.C. § 1682 (Title IX administrative enforcement). The Court saw "[c]omparable considerations" under Title IX to those underlying the deliberate indifference standard under § 1983. *Gebser*, 524 U.S. at 291 (citing *Bd. of Cnty. Commis. of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997) (deliberate indifference standard described as "stringent" and "requiring proof that [the official] disregarded a known or obvious consequence of his action")).

*Id.* (parallel citations omitted). The Eighth Circuit further stated that "[i]n order to avoid deliberate indifference liability an institution 'must merely respond to known peer harassment in a manner that is not clearly unreasonable." *Id.* (quoting *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999)).

The Supreme Court's reasoning in applying the deliberate indifference standard for Title IX is because "[u]nder a lower standard, there would be a risk that the recipient [of federal funds] would be liable in damages not for its own decision but instead for its

3

employees' independent actions." *Gebser*, 524 U.S. at 291. "Deliberate indifference makes sense as a theory of direct liability under Title IX only where the funding recipient has some control over the alleged harassment." *Davis*, 526 U.S. 644. Further, the Court emphasized that a federal funding recipient cannot be directly liable for its indifference where it did not have actual knowledge, "where it lacks the authority to take remedial action," or from the independent actions of its employees. *Gebser*, 524 U.S. 290–91. Precedent emphasizes that deliberate indifference cannot be mere negligence, that the actions must show some culpability that the recipient actions were "clearly unreasonable," and "must have caused the harassment or made students vulnerable to it." *Roe*, 746 F.3d at 882. Given that a plaintiff's claims must amount to more than mere negligence, there must be a distinct level of culpability attached to the conduct.

When the culpability standard of deliberate indifference is an issue in a case, courts require "proof of *reckless disregard* of a risk of constitutional harm." *Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007) (emphasis in original). Although the Supreme Court drew a comparison between considerations relevant to Title IX and to municipal liability under § 1983, constitutional torts involving prisoners' rights are analyzed under the same standard. *Farmer*, 511 U.S. at 837; *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). The main difference between deliberate indifference in a prisoner's rights § 1983 claim and a Title IX case is that prisoner's rights require the higher standard of "subjective reckless indifference," as opposed to objective reckless indifference. *See Farmer*, 511 U.S. at 839 (adding that Eighth Amendment prisoner's rights cases have an additional subjective recklessness component in defining deliberate indifference). Furthermore, the Eighth Circuit has drawn explicit connections between deliberate indifference in a § 1983

prisoner's rights actions and a Title IX case. See *Cox*, 484 F.3d at 1066 (citing *Pietrafeso v. Lawrence Cnty.*, 452 F.3d 978, 982–83 (8th Cir. 2006)) (relying on a prisoner rights case to establish proof of reckless disregard in a Title IX case). Chadron State's argument that Eighth Amendment prisoner's rights cases contain no factual or legal connections is incorrect.

The Court finds Chadron State's objection to including the phrase "reckless disregard" in the deliberate indifference definition should be denied in the closing instructions given to the jury at the end of trial. "Reckless" is synonymous with "conscious," and both modify the term "disregard." If the standard were just conscious disregard, then the culpability standard would amount to the higher standard of subjective recklessness for Eighth Amendment prisoner's rights cases. *Farmer*, 511 U.S. at 841 (adding that civil liability for deliberate indifference requires an objective standard of recklessness). Recklessness can include both what the actor actually knows and what the actor should have known is a potential danger to reach the culpability standard. RESTATEMENT (SECOND) OF TORTS § 500. The objective recklessness standard applies here instead of the subjective standard that applies to Eighth Amendment claims. *See Gebser*, 524 U.S. at 291 (citing *Bd. of Cnty. Commis. of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997)); *Farmer*, 511 U.S. at 839–40 (adopting the subjective recklessness as the test for "deliberate indifference under the Eight Amendment"). Recklessness supplies the necessary culpability standard that prevents a Title IX claim from falling into a negligence or vicarious liability standard, so the term should be included in the definition of deliberate indifference in the jury instructions.

5

The Plaintiff's ability to establish the federal fund recipient had actual knowledge of the sexual harassment subsequently impacts their ability to prove deliberate indifference. Wolfe v. Fayetteville Sch. Dist., 648 F.3d 860, 864 (8th Cir. 2011) (listing actual knowledge of the harassment as element number 3 and deliberate indifference to known harassing acts as element number 4). The deliberate indifference element can only be met if the federal funds recipient had actual knowledge first. Id. The actual knowledge element only addresses what the federal funds recipient knew *before its* response—which is why deliberate indifference must have a conscious and reckless culpability standard applied to the recipient's response. See K.D. v. Douglas Cnty. Sch. Dist. No. 001, 1 F.4th 591, 599–600 (8th Cir. 2021) (describing the heavy obligations of meeting the actual notice standard to establish the deliberate indifference element). Without a culpability standard for deliberate indifference, a school could be found vicariously liable for the conduct of an employee or student on a showing only that the federal funds recipient knew of the harassment. "Conscious and reckless disregard" requires a plaintiff to prove that the federal funds recipient responded with deliberate indifference in the face of actual knowledge, which complies with Gebser. See Gebser, 524 U.S. at 292-93 (stating that a school will not be held "liable in damages under Title IX for a teacher's sexual harassment of a student absent actual notice *and* deliberate indifference.")(emphasis added). In other words, the jury must find both actual knowledge and deliberate indifference, and deliberate indifference must have a clear reference to mind-state since it is separate from the actual knowledge element.

Chadron State's argument that adding the term "reckless" to the definition of deliberate indifference will lower the legal standard does is misplaced. In Gebser, the

6

Supreme Court required deliberate indifference, because any lower standard could result in imposition of vicarious liability. *Gebser,* 524 U.S. at 291. The Supreme Court reasoned that Title IX liability should turn on whether "an official decision by the [federal funds] recipient" failed to remedy the Title IX violation. *Id.* at 290. If only a subjective recklessness standard applied, then it would be superfluous for a plaintiff to prove "the College had actual knowledge of the harassment," and would contradict the Supreme Court's actual notice requirement to prevent vicarious liability or mere negligence in separate cases. *Wolfe,* 648 F.3d at 864. The combination of the actual knowledge element and the requirement that deliberate indifference includes "all known circumstances" illustrates that the legal standard is higher than vicarious liability or mere negligence. "Reckless disregard" as part of the deliberate indifference definition explains the necessary culpable mind-state that is essential to the jury's understanding of Title IX liability and comports with Supreme Court precedent, Title IX caselaw, and the common law, and thus is an appropriate definition to provide the jury.

IT IS ORDERED that:

1. The defendant's objection to initial jury instructions, Filing No. 232, is overruled.

Dated this 14th day of December 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge