IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>                Defendant. | **8:17CV265**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's motion for judgment as a matter of law, or alternatively for a new trial, Filing No. 270. This action for violations of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX") was tried to a jury from November 30 to December 8, 2021. The jury returned a verdict in favor of the plaintiff and awarded damages in the amount of $300,000.00.

The defendant contends that it is entitled to a judgment as a matter of law on Doe's Title IX claim because the evidence at trial does not meet the extremely high bar the Eighth Circuit has established for Title IX plaintiffs to prove deliberate indifference. It further argues that the plaintiff did not prove a causal nexus between the College's conduct and the student's experience of sexual harassment. It contends the plaintiff suffered no additional harassment after the college received notice of the harassment and the plaintiff's claim, therefore, fails as a matter of law. The College challenges the jury instructions with respect to deliberate indifference and causation. It further contends the Court erred in failing to inform the jury that in order to prove her claim, the plaintiff must show she suffered harassment after she reported the assault of the College and

1

failed to inform the jury that Robin Bila, a counselor, was not an appropriate person for purposes of actual notice of discrimination. Last, it contends that the testimony of plaintiff's expert, Dr. Carol Shakeshaft, should have been excluded as it was outside the bounds of her disclosure and as testimony on matters of law.

The plaintiff reasserts arguments the Court rejected earlier in the action. She contends there is evidence to support the jury's verdict and the instructions are proper.

According to Rule 50 of the Federal Rules of Civil Procedure, judgment as a matter of law should not be granted unless "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). In applying this standard, the court is to "draw 'all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence.'" *First Union Nat. Bank v. Benham*, 423 F.3d 855, 863 (8th Cir. 2005). A reasonable inference is one that may be drawn from the evidence without resort to speculation. *Id.* "Judgment as a matter of law is appropriate '[w]hen the record contains no proof beyond speculation to support [a] verdict.'" *Id.* (quoting *Sip-Top, Inc. v. Ecko Group, Inc.*, 86 F.3d 827, 830 (8th Cir. 1996)).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (*quoting Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to

discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result.  Id.  See U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)).

New trials based on the weight of the evidence are generally disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution. United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002).  The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.  United States v. Lacey, 219 F.3d 779, 783 (8th Cir. 2000); United States v. Anwar, 428 F.3d 1102, 1109 (8th Cir. 2005) (stating that a district court may weigh the evidence and evaluate for itself the credibility of the witnesses in determining whether a new trial is warranted).  The denial of a post-trial motion for judgment as a matter of law is to be affirmed unless there was "'a complete absence of probative facts to support the conclusion reached' so that no reasonable juror could have found for the nonmoving party." Sheriff v. Midwest Health Partners, P.C., 619 F.3d 923, 928 (8th Cir. 2010) (quoting Hathaway v. Runyon, 132 F.3d 1214, 1220 (8th Cir. 1997)). The evidence must be viewed in the light most favorable to the nonmoving party while assuming as proven all facts her evidence tends to show, resolving all evidentiary conflicts in her favor, and according her all reasonable inferences.  Id. at 929.

The Court agrees with the plaintiff that the evidence adduced at trial supports the jury's verdict.  The Court rejects the defendant's argument that the plaintiff did not meet Eighth Circuit's standards for the reasons stated in the Court's earlier orders.  See Filing

Nos. 135 and 202  For the reasons stated on the record at instruction conferences and clarified in earlier orders, the Court finds the jury instructions properly stated the law on deliberate indifference and causation. See Filing No. 254.  Accordingly, the Court finds the defendant's motion for judgment as a matter of law or for a new trial should be denied. Accordingly,

IT IS ORDERED that defendant's motion for judgment as a matter of law, or alternatively for a new trial (Filing No. 270) is denied.

Dated this 8th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge