IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>　　　　　Defendant. | 8:17CV265<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on the plaintiff's motion for attorney fees, Filing No. 256.

I.　　BACKGROUND

　　　　This action for violations of Title IX was tried to a jury from November 30, 2021, to December 8, 2021. The jury returned a verdict in favor of the plaintiff and awarded damages in the amount of $300,000.00. The plaintiff seeks attorney fees in the amount of $242,932.00 representing 368 hours of work at $250 per hour, 424 hours of work at $350 per hour, and 26 hours of work at $75-$150 per hour. Filing No. 256. She seeks an additional $4,655.00 for work performed from December 28 to March 4, 2022. Filing No. 290-1. She also seeks reimbursement of expenses in the amount of $21,384.37 that the defendant does not challenge.

　　　　The defendant concedes that an award of fees is appropriate but urges the Court to reduce the fees by $65,945 for time as relating to work on immigration matters, unnecessary or duplicative time and time spent on administrative and/or clerical work. Filing No. 272. Alternatively, it seeks a fee reduction of twenty-five percent. It also argues

1

the plaintiff's billing records are incomplete, vague and imprecise. *Id.* In reply, the plaintiff agrees to reduce her fee request by $945 for 2.7 hours of work related to immigration. Filing No. 289.

II. LAW

The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee." *See* 42 U.S.C. § 1988 (2007). The fee applicant has the burden of establishing entitlement to an award of fees and costs, but the district court enjoys broad discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In calculating reasonable fee, a district court uses what has come to be known as the "lodestar. *M.B. by Eggemeyer v. Tidball*, 18 F.4th 565, 568 (8th Cir. 2021). "The lodestar calculation is simple: it involves 'multiplying the number of hours reasonably expended' on the case 'by the reasonable hourly rates.'" *Id.* (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)(quotation marks omitted). "[T]here is a strong presumption that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

"[T]he degree of [a plaintiff's] success is 'the most critical factor' in determining a reasonable fee award." *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005). Because the values at stake in a civil-rights case often cannot be measured—or at least fully measured—with dollars, as a general rule, courts do not require proportionality between the amount of damages awarded to a civil-rights plaintiff and the amount of fees

awarded to the plaintiff's attorneys. *Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 580-81 (8th Cir. 2006).

A plaintiff's timesheet should be of "sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Role Models Am., Inc., v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004). Also, the prevailing party status extends to postjudgment work if it is a "necessary adjunc[t] to the initial litigation." *Jenkins by Jenkins v. State of Mo., ,* 127 F.3d 709, 716 (8th Cir. 1997). A district court may award fees to a prevailing party for reasonable postjudgment monitoring. *Cody v. Hillyard,* 304 F.3d 767, 774 (8th Cir. 2002). Travel expenses for attorneys and many other out-of-pocket expenses are properly characterized as part of an attorney's fees award, which may include expenses that a law firm normally would bill to its client. *Williams v. ConAgra Poultry Co.*, 113 F. App'x 725, 728 (8th Cir. 2004); *see also Safelite Grp. v. Rothman*, 759 F. App'x 533, 536 (8th Cir. 2019) (*per curiam*) (stating that a reasonable fee presumptively includes travel time billed at the lawyer's normal hourly rate).

III. CONCLUSION

The plaintiff has achieved complete success on her claim and is entitled to an award of fees as prevailing party. She was completely vindicated on her claim of denial of educational benefits.

The Court has reviewed the submitted timesheets and finds they contain sufficient detail to enable the court to determine that the hours were actually and reasonably expended. The entries do not appear to be improper block billing. The Court is familiar with prevailing rates in this community and finds that counsel's hourly rate is reasonable.

The work performed by counsel as a sole practitioner (research, drafting pleadings and briefs, reviewing depositions, and trial preparation) is no clerical or administrative work. None of the defendant's criticisms of the plaintiff's requested fees overcome the strong presumption that the lodestar figure is reasonable.

This action was zealously litigated by both sides. The defendant's tenacious conduct arguably increased the plaintiffs' attorney's fees. Based on the Court's familiarity with the litigation, the Court finds the plaintiff's requested fees were reasonable and necessary to achieve the result plaintiff obtained. In view of the time and labor required to prosecute a case of this nature and the novelty and difficulty of the issues involved, the Court sees no need to reduce the fee award. Accordingly,

IT IS ORDERED that

1. Plaintiff's motion for attorney fees (Filing No. 256) is granted per revised figure in Filing No. 289.

2. A judgment for attorney fees in the amount of $246,642.50 will be entered this date.

Dated this 27th day of April 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge